IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LANCE G. BURKE,                          :
                                         :
         Plaintiff,                      :
                                         :
    v.                                   : Civil Action No. 03-1070 JJF
                                         :
TIMOTHY'S RESTAURANT, TIM DEVER,         :
and MARK GOSIK,                          :
                                         :
         Defendants.                     :

_____

Lance G. Burke, Claymont, Delaware.
Pro Se Plaintiff.

Michael J. Hood, Esquire of TIGANI & HOOD, LLP, Wilmington,
Delaware.
Attorney for Defendants.

_____

**MEMORANDUM OPINION**

July 2?, 2005
Wilmington, Delaware

FARNAN, District Judge.

Presently before the Court is a Motion For Summary Judgment (D.I. 22) filed by Defendants Timothy's Restaurant ("Timothy's"), Tim Dever, and Mark Gosik.  For the reasons discussed, the motion will be granted.

## BACKGROUND

Plaintiff Lance Burke alleges that he was not paid for hours worked in November and December 2000 at Timothy's Restaurant in Wilmington, Delaware.  Mr. Burke further alleges that he was not paid for two weeks of vacation.

On June 14, 2002, Mr. Burke filed an EEOC charge against Defendants.  After receiving a Right To Sue letter from the EEOC dated June 18, 2003, Mr. Burke filed a Complaint with the Court on November 25, 2003.  (D.I. 2.)  Mr. Burke is acting pro se. In his Complaint, Mr. Burke does not specify why Timothy's conduct is allegedly discriminatory or provide the dollar amount of the pay to which he believes he is entitled.

Defendants completed their Rule 26 disclosures.  The discovery deadline was March 30, 2005.

Mr. Burke filed an action in the United States District Court for the Eastern District of Pennsylvania ("Pennsylvania Action"), C.A. No. 03-CV-5129, through counsel, alleging Title VII claims against Timothy's of Delaware, LLC and Golden Ram, Inc. t/a Timothy's of Springfield.  In that action, Mr. Burke

1

alleged that he was employed by Timothy's as a Kitchen Manager from about November 1999 until about December 23, 2001, when he was terminated as a result of unlawful and retaliatory employment practices.  Mr. Burke asserted claims of retaliation, failure to maintain records, and violation of Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 et seq., for wages due in the amount of $3,170.00.  (D.I. 24, App. A.)

On November 8, 2004, the Pennsylvania court entered a directed verdict in favor of the defendants and against Mr. Burke on all counts.  (D.I. 24 at A-16, D.I. 32.)

On January 6, 2005, Mr. Burke filed a motion to extend time for discovery and for appointment of counsel.  (D.I. 20.)

On March 3, 2005, the Court of Appeals for the Third Circuit dismissed Mr. Burke's appeal for failure to timely prosecute. (D.I. 24 at A-17.)

On March 16, 2005, Defendants filed a Motion For Summary Judgment in this lawsuit.  (D.I. 22.)  On June 9, 2005, the Court heard oral argument with regard to the motion.  At the argument, the Court ordered the parties to submit letters to the Court addressing the elements of res judicata and collateral estoppel. Defendants filed a letter with the Court on July 1, 2005. (D.I. 32.)  Plaintiff did not file a letter with the Court.

## DISCUSSION

### I.   Standard Of Review

In pertinent part, Rule 56(c) of the Federal Rules of Civil

Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995).  However, a court should not make credibility determinations or weigh the evidence.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court should give credence to the evidence favoring the [non-movant] as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'"  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000).

To defeat a motion for summary judgment, the non-moving party must:

> do more than simply show that there is some
> metaphysical doubt as to the material facts. . . .  In
> the language of the Rule, the non-moving party must
> come forward with "specific facts showing that there is

3

a genuine issue for trial."

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
574, 586-87 (1986).  However, the mere existence of some evidence
in support of the nonmovant will not be sufficient to support a
denial of a motion for summary judgment; there must be enough
evidence to enable a jury to reasonably find for the nonmovant on
that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249
(1986).  Thus, if the evidence is "merely colorable, or is not
significantly probative," summary judgment may be granted.  Id.

## II.  Res Judicata

By their motion, Defendants contend that Mr. Burke's Title
VII claim is barred by the doctrine of res judicata because it is
identical to a Title VII claim litigated in the District Court
for the Eastern District of Pennsylvania.  Further, Defendants
contend that Mr. Burke's claim for wages and vacation pay is
identical to the PWPCL claim in the Pennsylvania action.  In
response, Mr. Burke contends that the claims are not identical
and asks the Court to appoint counsel for him.

The Third Circuit has stated, "[t]he doctrine of res
judicata 'is not a mere matter of technical practice or
procedure' but 'a rule of fundamental and substantial justice.'"
Equal Employment Opportunity Commission v. U.S. Steel Corp., 921
F.2d 489, 492 (3d Cir. 1990)(quoting Hart Steel Co. v. Railroad
Supply Co., 244 U.S. 294 (1917).  "Res judicata avoids the

4

expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."   Id.

Res judicata, also known as claim preclusion, "requires a showing that there has been (1) a final judgment on the merits in a prior [law]suit involving (2) the same claim and (3) the same parties or their privies."   Id. at 493 (citing United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984)).

With regard to the first prong, the court in the Pennsylvania action entered a directed verdict on Mr. Burke's Title VII and PWPCL claims.  (D.I. 32.)  Mr. Burke unsuccessfully appealed the verdict.  Thus, the Court concludes there was a final judgment on the merits in a prior lawsuit, namely the action filed in the Eastern District of Pennsylvania, that satisfies the first element of Defendants' res judicata contention.

With regard to the second and third res judicata elements, the same claims and the same parties, in the Pennsylvania Action Plaintiff asserted three claims alleging retaliation, failure to maintain records, and violation of the PWPCL against two defendant corporations.  The claims were related to Mr. Burke's employment at Timothy's Restaurant from November 1999 to December 2001 and his subsequent termination from that employment.  In this lawsuit, Plaintiff asserts a Title VII claim and a claim for

5

pay for hours worked in November and December 2000 and for a two week vacation.  Mr. Burke asserts these claims against one corporate defendant and two individual defendants.

With regard to whether the same claims have been asserted in both lawsuits, the Court concludes that they have.  Although Mr. Burke's Complaint does not state the basis for his Title VII discrimination claim, Mr. Burke's statements at the June 9 Oral Argument lead the Court to conclude that the retaliation claim in the Pennsylvania action and the Title VII claim in this lawsuit arose from the same events and allege the same harm. Specifically, Mr. Burke alleges that Timothy's Restaurant retaliated against him for terminating a white cook who was allegedly making racial comments to an African-American employee at the Pennsylvania restaurant.  (D.I. 33 at 4:23-6:21.)  This is the same claim Mr. Burke made in the Pennsylvania action.  (Id.) Further, the Court concludes that the PWPCL claim in the earlier litigation and the wage claim in this lawsuit are the same, as Mr. Burke seeks to recover pay for the same hours worked and vacation hours taken in both lawsuits.  (D.I. 33 at 4:2-10:15; D.I. 24 at A-15:38.)

Looking next to the parties, the corporate defendants in the Pennsylvania Action were Golden Ram, Inc. t/a Timothy's of Springfield, and Timothy's of Delaware, LLC t/a Timothy's of Wilmington.  Golden Ram, Inc. is a Pennsylvania corporation with

its place of business at 204 Baltimore Pike in Springfield
Pennsylvania.  Timothy's of Delaware, LLC is a Delaware
corporation with its place of business at 930 Pettinaro Park
Drive in Wilmington, Delaware.  (D.I. 24 at A-3.)

The defendants named in this lawsuit are Timothy's
Restaurant, and Tim Dever and Mark Gosik, proprietors.  Mr.
Burke's Complaint alleges that Timothy's Restaurant is located at
930 Pettinaro Park Drive in Wilmington, Delaware.  (D.I. 2.)
Thus, the Court concludes that the Timothy's Restaurant named as
a defendant in this lawsuit is the same party that Mr. Burke and
his counsel named in the Pennsylvania Action.  Tim Dever and Mark
Gosik were not named as defendants in the Pennsylvania Action.
Defendants contend that Mr. Dever and Mr. Gosik are in privity
with Timothy's of Delaware, LLC t/a Timothy's of Wilmington
because they are owners of the corporation.

"[P]rivity states no reason for including or excluding one
from the estoppel of a judgment.  It is merely a word used to say
that the relationship between the one who is a party on the
record and another is close enough to include that other within
the res judicata."  Collins v. E.I. DuPont de Nemours & Co., 34
F.3d 172, 176 (3d Cir. 1994), quoting Bruszewski v. United
States, 181 F.2d 419, 423 (3d. Cir. 1950).

The Court concludes that Mr. Dever and Mr. Gosik are in
privity with Timothy's Restaurant.  Not only do they own the

7

defendant corporations, but the Court is persuaded that there was an identity of interests between the corporations and their owners in the prior lawsuit. <u>See</u> <u>Collins</u>, 34 F.3d at 176 (3d Cir. 1994); Restatement (Second) of Judgments Ch. 1 Scope (1982). Thus, the Court concludes that Defendants have met their burden on summary judgment to establish the absence of a genuine question of material fact and their entitlement to judgment as a matter of law on the issue of res judicata.

## II.    Collateral Estoppel (Issue Preclusion)

Defendants next contend that Plaintiff should be collaterally estopped from asserting the claim in this lawsuit because the issue of Mr. Burke's pay has been already been litigated and decided in the Pennsylvania Action.

The elements for collateral estoppel are satisfied when: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." <u>Nat'l R.R.</u> <u>Passenger Corp. v. Penn. Public Util. Comm'n</u>, 342 F.3d 242, 252 (3d Cir. 2003).

Defendants contend, and the Court agrees, that the issue of vacation pay and pay for hours worked in November and December 2000 was directly at issue in the Pennsylvania Action. Mr. Burke testified at his deposition in the Pennsylvania Action that the

8

pay at issue in both lawsuits is the same.  (D.I.24 at A-15:38.)
The pay claim was actually litigated at a jury trial in the
Pennsylvania action, where Mr. Burke presented evidence with
regard to his pay in November and December of 2000.  The
Pennsylvania court entered judgment in favor of the Defendants in
the Pennsylvania action after finding that Mr. Burke had not
proven his claim and that any finding by a jury would be
speculative.

For these reasons, the Court concludes that the issue of Mr.
Burke's pay has been already been litigated and decided in the
Pennsylvania Action.

### CONCLUSION

For the reasons discussed, the Motion For Summary Judgment
(D.I. 22) filed by Defendants will be granted.

An appropriate Order will be entered.